MARK W. DAVIS et ux.

v.

EMMA L. PALMER et al.

[Decided January 27th, 1911.]

1. The Partition act (*P. L. 1898 p. 66 § 65*) expressly empowers the court of chancery in its discretion to grant the desire of tenants in common who elect to have their shares set off in one parcel without partition *inter sese*, and where the complainant is one of six equal tenants in common of the lands in question, and the defendants comprise the other five co-tenants and unite in an answer joining in the prayer of a bill that a commission issue to make partition, but expressly declaring their election to have their shares set off to them jointly, and praying that the interest of the complainant be set off to him in severalty, the answer should be submitted to the master on the reference to him of the other matters.

2. Where one party holds five shares, and the other party holds one share, the question is, not whether the land can be divided into six shares of equal value, but whether the land can be divided into two shares having the ratio of value of five to one, or in other words, whether a portion can be set off which will be one-sixth the value of the whole tract without prejudice to the owners, and without disregarding any equities of the two parties.

3. The distribution by lot in such a case is impracticable and not binding upon this court.

4. The practice approved and followed in *Wayne v. Miers, 27 N. J. Eq. (12 C. E. Gr.) 351, 354*, followed in this suit.

On motion to confirm master's report in partition suit.

*Mr. George P. Rust,* for the motion.

*Mr. Frank W. Hastings, Jr.,* and *Mr. Frank P. McDermott,* contra.

STEVENSON, V. C.

Objection is made to confirming the master's report because he has reported that partition cannot be made without great preju-

dice to the owners, whereas it is insisted that actual partition can and ought to be made. All the parties were before the court and were represented by counsel on the argument of this motion, the one party contending that the master's report should be confirmed, and the premises should be sold, and the other party contending that the master's report should be set aside or disregarded. No application was made to have the cause in any event sent back to the master for further consideration, and there seems to be no reason why the court should not dispose of the case in its present aspect without any further reference to a master.

1. The premises in question consist of a farm near Hasbrouck Heights, having a width of about five hundred and fifty feet and a length of about four thousand feet. The Pollifly road runs through the easterly end of this long, narrow farm. The whole tract is adjacent to similar lands which are in the hands of real estate operators for "development," and it is no longer capable of being advantageously applied to farming purposes. Its value, about one thousand dollars an acre, shows that it cannot any longer be dealt with as a farm or as farm lands.

The complainant Mark W. Davis is one of six equal tenants in common of the above-mentioned farm; the defendants embrace the other five tenants in common.

2. Having in view the shape of the land and the number of tenants in common, there seem to be very strong grounds to sustain the report of the master to the effect that this tract of farm land cannot be actually divided into six parts without great prejudice to the owners. The main scheme for division, which was the subject of examination and argument before the master, seems to involve the dividing of this long, narrow strip of land, one end of which just projects beyond the road, into six strips, each of which would be less than one hundred feet wide and about four thousand feet long.

3. The reference, however, in this case was not the ordinary reference in an uncontested partition suit. The five owners who appear as defendants unite in an answer joining in the prayer of the bill that a commission issue to make partition but expressly declaring their election to have their shares set off to them jointly, and praying that the interest of the complainant be

set off to him in severalty. This answer was or should have been submitted to the master—the reference having been made under rule 29. Probably, the attention of the master was not called to this answer, and he may have supposed that the reference was in the usual form in uncontested partition suits. The depositions seem to have been taken upon the theory that any actual partition must be into six shares equal in value.

4. The rule in equity is well settled that where one tenant in common has improved a portion of the land or has wasted a portion, or where one party owns a larger share than the others, the partition often must be made so as to recognize all equities, and a division into shares of equal value may be impracticable and inequitable. *Polhemus* v. *Emson, 30 N. J. Eq. (3 Stew.) 405.*

Where one party holds five shares and the other party holds one share, the question is not whether the land can be divided into six shares of equal value, but whether the land can be divided into two shares having the ratio of value of five to one. Otherwise stated, the question is whether a portion can be set off which will be one-sixth the value of the whole tract without prejudice to the owners, and without disregarding any equities of the two parties.

The distribution of parcels by lot in such a case, as well as in many other cases, where equity requires particular portions to be assigned to particular parties, is impracticable, and the use of the lot is not obligatory upon the court of chancery. *McMullen* v. *Doughty, 62 N. J. Eq. (17 Dick.) 252, 257, 258; S. C., affirmed, 63 N. J. Eq. (18 Dick.) 800; Dan. Ch. Pr. (6th Am. ed.) 1156, 1158.*

5. Our present Partition act (*P. L. 1898 p. 66 § 65*) expressly empowers the court of chancery in its discretion to gratify the desire of tenants in common who elect to have their shares set off in one parcel without partition *inter sese.* No reason has been suggested why the request of the five defendants set forth in their answer should not be granted. The master, as stated above, apparently did not consider such request. Unless some facts are hereafter disclosed, which do not now appear, these five defendants should be treated as a single owner of an undivided five-sixths share.

6. The practice approved and followed in *Wayne* v. *Miers, 27 N. J. Eq. (12 C. E. Gr.) 351, 354*, seems to be directly applicable to this case. A commission will issue in the usual form prescribed in that case, and if the commissioners find that they cannot set off to the complainant a parcel equal in value to one-sixth the value of the whole tract without prejudice to the owners, they will so report.